In the Matter of INTERCO
INCORPORATED, et
al., Debtors.

OFFICIAL COMMITTEE OF UNSE-
CURED DEBENTURE HOLDERS and
the Indenture Trustee for Medium
Term Noteholders, Movants,

v.

INTERCO INCORPORATED,
et al., Respondents.

Bankruptcy No. 91–40442–172.
Motion No. Z–68.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 21, 1992.

See also 135 B.R. 359.

Bryan, Cave, McPheeters & McRoberts,
Gregory D. Willard, Lloyd A. Palans, John
C. Boyle, Carl J. Spector, St. Louis, Mo., for
debtors-in-possession.

Kramer, Levin, Nessen, Kamin & Frank-
el, Mark D. Brodsky, Philip Bentley, Saul
E. Burian, New York City, Husch & Eppen-
berger, David A. Warfield, St. Louis, Mo.,
for Official Committee of Unsecured De-
benture Holders.

Armstrong, Teasdale, Schlafly & Davis,
Steven N. Cousins, St. Louis, Mo., Hebb &
Gitlin, Michael J. Reilly, Michael J. Sage,
Hartford, Conn., for Boatmen's Nat. Bank
of St. Louis.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter concerns the "Joint Motion
of the Official Committee of Unsecured
Debenture Holders and the Indenture
Trustee for the Medium Term Noteholders
for an Order Authorizing a Special Repre-
sentative to Prosecute Claims Against
American Appraisal Capital Services, Inc."
("The Motion").

The Debtors consist of Interco Incorpo-
rated and 30 of its direct and indirect sub-
sidiaries. The Debtors commenced their
respective reorganization cases on January
24, 1991 by filing voluntary petitions under
Chapter 11 of the United States Bankrupt-
cy Code. Debtors have continued to oper-
ate their respective businesses as debtors-
in-possession pursuant to 11 U.S.C. §§ 1107
and 1108 of the Bankruptcy Code. The
Debtors' Chapter 11 cases have been con-

solidated for procedural purposes only, and are being jointly administered pursuant to a January 25, 1991 order of this Court.

Pursuant to Section 1102 of the Bankruptcy Code, the United States Trustee for the Eastern District of Missouri has appointed the Bondholders' Committee to represent the interests of Interco's unsecured debenture holders. The Boatmen's National Bank of St. Louis is the indenture trustee for Interco's Medium Term Noteholders.

This Court has jurisdiction over this matter and the parties and property affected thereby pursuant to title 28 of the United States Code, Sections 157 and 1334, and Local Rule 29 of the Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding pursuant to title 28 of the United States Code, Section 157(b)(2)(A).

On December 20, 1991, the Official Committee of Unsecured Debenture Holders ("the Bondholders' Committee"), and the Indenture Trustee for the Medium Term Noteholders ("the MTNs") filed this Motion requesting the Court to appoint a special representative to prosecute claims against American Appraisal Capital Services, Inc. ("American Appraisal"). Debtors filed an objection to the Motion on January 6, 1992. On January 14, 1992, Debtors filed a legal memorandum in opposition to the Motion. The Movants' reply to the Debtors' memorandum was a letter that included several cases. A fax copy of the Movants' letter was received by the Court on the afternoon before this hearing.

At the hearing on January 16, 1992, Movants objected to Debtors' legal memorandum and asked that it be stricken because it had been filed out of time. This Court found that Debtors' legal memorandum had not been filed according to the time periods established by this Court's Standing Order # 1, entered on January 31, 1991. However, the Court determined that the Debtors' earlier written objection to the Motion had been timely filed, and that any prejudice to Movants as a result of the late-filed memorandum could be remedied by affording Movants additional time to file responsive memoranda. This Court granted Debtors' oral motion to file the legal memorandum out of time. Movants declined to file any responsive memoranda other than to submit the original letter that had been faxed to the Court.

The following determinations and orders are based on the pleadings, the legal memoranda, the argument of counsel and upon a consideration of the record as a whole.

## I. Background

On February 28, 1991, this Court entered an Order directing the appointment of an examiner. The Court ordered that the Examiner was to conduct an investigation and examination of, among other things, the claims and defenses that may be available to these estates as a result of a certain prepetition Recapitalization of the Debtors in connection with an unsuccessful hostile takeover attempt.

Pursuant to the Appointment Order, the Examiner submitted her final report on October 23, 1991. An amendment was filed on October 24, 1991. The Amended Report identified several claims that may have resulted from the 1988 Recapitalization. As part of the report, the Examiner also presented recommendations in favor of or in opposition to the commencement of legal actions based on these claims. One of the recommendations concerned the commencement of litigation against American Appraisal Capital Services, Inc. ("American Appraisal"). In the fall of 1988, Interco retained American Appraisal, "a valuation consultant with a national reputation, to render a solvency opinion." Examiner's Report, October 23, 1991 at 84.

## II. Discussion

Movants request this Court to appoint a special representative to evaluate whether litigation should be commenced against American Appraisal based on the recommendation set out in the Examiner's report. The Examiner had recommended that a suit against American Appraisal should be pursued promptly. Id. at 551–552. If it is determined that a viable claim exists, the Movants have requested that the special representative be empowered to prosecute

the litigation on behalf of these bankruptcy estates. The Movants have argued that even though the Debtors have not *refused* to pursue this claim against American Appraisal, the Board of Directors is subject to a conflict of interest that will prohibit their objective assessment of the value of such prosecution.

 A debtor-in-possession under Chapter 11 is permitted to continue to operate all aspects of its business, unless continued possession is not in the best interest of the estate. *See* 11 U.S.C. §§ 1106, 1107. Operation of a business necessarily includes the ability to make decisions regarding the initiation of litigation for the benefit of the estate. The Debtors in these cases have announced that, after discussion with their counsel, the Board of Directors (including outside Directors) has decided to delay prosecution of any claim against American Appraisal until a later date.

 The Movants have not established that removing the debtors from possession in respect to decisions regarding litigation against American Appraisal would be in the best interest of the estates at this time. To the contrary, the Court has determined that appointment of another layer of decision-making authority at this time could be detrimental to the estates in the following respects. First, appointment of a third party could disrupt the reorganization process at a critical time. Debtors have announced their intention to file a plan of reorganization and a disclosure statement by January 24, 1992. The hearing on the disclosure statement is tentatively set for March 19, 1992. Debtors have continually exhibited a commitment to the rapid confirmation of a plan of reorganization. Were this court to appoint a third party at this time, the attention of the Board of Directors and management would certainly be diverted from the reorganization process. Second, the Debtors are also prosecuting two lawsuits before district court judges in the Eastern District of Missouri. These matters are scheduled for trial during the next several months. If a special representative were to be appointed at this time, the Debtors' resources would be further extended and possibly diverted from concluding the pending litigation.

This Court also finds that the record has not shown any harm that would occur if a special representative is not appointed at this time. Any potential claims against American Appraisal will be actionable even after confirmation of a plan. No claims will be lost after reorganization. The statute of limitations for prosecution of this claim reportedly extends into mid-1993. Examiner's Report at 231–232.

The Examiner's description of this claim against American Appraisal does not suggest that the claim includes a direct cause of action against the Board of Directors or any individual Directors or members of Directors' families, as was the situation in the case of *In re Fiesta Homes of Georgia,* 125 B.R. 321 (Bankr.Ga.1990). Even if it is later determined that the Directors' discussion of the claim against American Appraisal was subject to considerations of their personal exposure or criticism of their actions, no harm will have resulted to these estates. The claim will still be available to the Debtors, the Reorganized Debtors, or to a trustee appointed for the benefit of all creditors.

In conclusion, this Court finds the appointment of a special representative at this time could seriously jeopardize the substantial progress Debtors have shown throughout the course of these proceedings. The Court further finds the appointment of a special representative at this time would not be in the best interest of the estates. The joint motion will be denied without prejudice to a later request for reconsideration upon a showing of changed circumstances or other sufficient basis.

IT IS ORDERED that this matter is concluded. The Movant's joint request for the immediate appointment of a Special Representative to prosecute the Debtors' claims against American Appraisal in respect of American Appraisal's role in the Recapitalization is denied without prejudice.